**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 20, 2009, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: March 20, 2009**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 08-11498 |
| | ) | |
| John Moore, IV, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| John Moore, IV, | ) | Adv. No. 08-1139 |
| | ) | |
| Plaintiff, | ) | Judge Arthur I. Harris |
| | ) | |
| v. | ) | |
| | ) | |
| Hillary Nunnari, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION[1]

On May 13, 2008, the debtor-plaintiff, John Moore, IV, filed this adversary proceeding seeking money damages and declaratory and injunctive relief stemming from postpetition actions the defendants allegedly took against the debtor in state

_____

[1] This opinion is not intended for official publication.

court domestic relations and other proceedings. The case is currently before the Court on separate motions to dismiss filed by five defendants: two state judicial officers, Judge Paul C. Moon and Magistrate Bruce Winters, named in Count Two; the debtor's ex-spouse, Hilary Nunnari, named in Count One and Count Three; and Nunnari's attorneys Frederic Matthews, named in Count One, and John J. McHugh, III, named in Count Three. For the reasons that follow, the motions to dismiss Judge Moon (Docket #22), Magistrate Winters (Docket #43), and attorney McHugh (Docket #13) are granted; the motion to dismiss defendant Nunnari (Docket #17) is granted as to Count Three and denied as to Count One; and the motion to dismiss attorney Matthews (Docket #20) is denied. Defendants Nunnari and Matthews shall file answers to the one remaining count of the adversary complaint which states a claim against them – Count One – on or before April 1, 2009.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

2

FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2008, the debtor, filed a Chapter 7 bankruptcy petition. Before he filed for bankruptcy, the debtor and his wife, Hillary Nunnari, had divorced and were engaged in an ongoing domestic relations case in the Ottawa County Court of Common Pleas *(Hillary Moore v. John R. Moore, IV  Case #02-DRA-064)*.

On July 16, 2007, Hillary Nunnari filed a motion requesting the Ottawa County Court of Common Pleas to issue a show cause order to compel her former husband to comply with previous court orders to pay child and spousal support. On April 30, 2008, Magistrate Bruce Winters issued a ruling on Nunnari's motion holding the debtor in civil contempt of court. The court found that the debtor was $36,400 in arrears on the domestic support obligations, and voluntarily underemployed. The court ordered the debtor to pay the delinquency within 30 days, or he would be jailed for contempt. On May 9, 2008, the plaintiff filed a motion with the Ottawa County Court of Common Pleas requesting that Judge Moon set aside the order that Magistrate Winters issued on April 30, 2008, because of the pending bankruptcy. On May 12, 2008, Judge Moon stayed all prior orders that had been issued, and directed that all further proceedings be stayed until the conclusion of the debtor's bankruptcy case.

In addition, prior to the commencement of this bankruptcy proceeding,

MarineMax of Ohio, Inc. ("MarineMax"), initiated a lawsuit against Moore Marine, Inc., a closely held corporation owned by the debtor and his father, in which MarineMax sought to have a lease reformed to include property that belonged to Nunnari. (*MarineMax of Ohio, Inc. v. Moore Marine, Inc., et al.*, Case #07-CVH-51). On May 7, 2008, Nunnari, through her attorney, John McHugh, filed a motion in the *MarineMax* case for an order requiring MarineMax to pay Nunnari rents attributable to property now owned by her as a result of the divorce action. These actions were allegedly taken with full knowledge of the debtor's pending bankruptcy case.

*The Adversary Proceeding*

On May 13, 2008, the debtor filed this adversary proceeding seeking money damages and declaratory and injunctive relief stemming from postpetition actions allegedly taken against him in the domestic relations proceedings and in the case of *MarineMax of Ohio, Inc. v. Moore Marine, Inc., et al.*, Case #07-CVH-511. The adversary complaint contains three counts. In Count One, the debtor alleges that defendants Nunnari and Matthews violated the automatic stay by continuing to pursue a motion to show cause against the debtor, after the debtor filed his Chapter 7 bankruptcy case. In Count Two, the debtor alleges that the two state judicial officers, Judge Moon and Magistrate Winters, violated the automatic stay when

4

Magistrate Winters issued the contempt order on April 30, 2008. In Count Three, the debtor alleges that defendants McHugh, Nunnari, and MarineMax violated the automatic stay by taking actions postpetition against Moore Marine, Inc., a closely held corporation owned by the debtor and his father.

On September 9, 2008, the Court heard oral argument on five separate motions to dismiss filed by defendants Moon (Docket #22), Winters (Docket #43), Nunnari (Docket #17), Matthews (Docket #20), and McHugh (Docket #13). Defendant MarineMax has not filed a motion to dismiss. In addition, the receiver, Bernard Niehaus, was dismissed as a defendant on October 30, 2008. The Court will now address the motions to dismiss on a count-by-count basis.

## DISCUSSION

### *COUNT ONE – DEBTOR'S CLAIMS FOR MONEY DAMAGES AND DECLARATORY RELIEF AGAINST NUNNARI AND MATTHEWS*

In Count One, the debtor seeks money damages from defendants Nunnari and Matthews for pursuing an order to show cause against the debtor in state court for unpaid child support and unpaid spousal support, allegedly in violation of the automatic stay. The debtor also seeks declaratory relief to have these actions and related state court orders, allegedly done in violation of the automatic stay, be declared void *ab initio*. As explained more fully below, the defendants' motions to

5

dismiss Count One are denied.

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) the Court must construe the complaint in the light most favorable to the plaintiff and "accept all well-pled allegations as true." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). Pursuant to Rule 12(d), the Court will not consider matters outside the pleadings in addressing the defendants' 12(b)(6) motions to dismiss.

*Elements for Claim for Damages under 11 U.S.C. § 362(k)*

Subsection 362(k)(1) (formerly subsection 362(h) prior to the 2005 bankruptcy amendments) provides in pertinent part:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

*See In re Sharon,* 234 B.R. 676, 687-88 (B.A.P. 6th Cir. 1999) (upholding a bankruptcy court's imposition of damages against a creditor that refused to return a repossessed car postpetition). Under subsection 362(k), the individual seeking damages has the burden of establishing by a preponderance of the evidence that (1) the actions taken were in violation of the automatic stay, (2) the violation was

6

willful, and (3) the violation caused actual damages. *See Clayton v. King (In re Clayton)*, 235 B.R. 801, 806-7 & n.2 (Bankr. M.D.N.C. 1998); *see also In re Pawlowicz,* 337 B.R. 640 (Bankr. N.D. Ohio 2005); *Hampton v. Yam's Choice Plus Autos, Inc. ( In re Hampton),* 319 B.R. 163, 170-71 (Bankr. E.D. Ark. 2005).

As under former subsection 362(h), under subsection 362(k), the individual seeking damages has the burden of establishing by a preponderance of the evidence that the violation of the automatic stay was willful. *See In re Johnson,* 501 F.3d 1163, 1172 (10th Cir. 2007) ("The debtor bears the burden of establishing, by a preponderance of the evidence, that the creditor knew of the automatic stay and intended the actions that constituted the violation."). A violation of the automatic stay is "willful" so long as the creditor had notice of the bankruptcy filing. *In re Sharon,* 234 B.R. at 688. "As used in section 362(h), 'willful,' unlike many other contexts, does not require any specific intent."
*In re Bivens*, 324 B.R. 39, 42 (Bankr. N.D. Ohio 2004); *see In re Sharon*, 234 B. R. at 687-88 ("A violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act."); *see also Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 618 (9th Cir. 1993); *Lansdale Family Rests., Inc. v. Weis Food Serv. (In re Lansdale Family Rests., Inc.),* 977 F.2d 826, 829 (3d Cir. 1992). "An award of damages is

7

mandatory under section 362(h) when a violation of the automatic stay is found to be 'willful'." *In re Bivens*, 324 B.R. at 42; *see also In re Johnson*, 253 B.R. at 861. Costs and attorney fees are regularly awarded as actual damages from violations of the stay. *Cf. United States v. Harchar*, 331 B.R. 720 (N.D. Ohio 2005) (finding actual damages for willful violation of stay does not include intangible damages for emotional distress). A damage award must be supported by the evidence, rather than speculation and conjecture. *Archer v. Macomb County Bank*, 853 F.2d 497, 499 (6th Cir. 1988).

*Debtor Has Alleged a Violation of the Automatic Stay in Count One*

In order to state a claim for damages for violation of the automatic stay or declaratory relief, the debtor's complaint must include allegations that the defendant violated the automatic stay, *i.e.*, 11 U.S.C. § 362(a). Section 362 provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition . . . operates as a stay, applicable to all entities, of –
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of

8

the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

. . . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . .

In the present case, the debtor alleges in Count One that defendants Nunnari and Matthews sought to enforce and collect unpaid child support and unpaid spousal support obligations through contempt proceedings in state court after the debtor had filed a petition under Chapter 7 on March 5, 2008. Absent an exception to the automatic stay under subsection (b), the debtor's allegations would appear to state a claim for violation of at least one of the paragraphs of section 362(a) quoted above.

Defendants Nunnari and Matthews, however, assert that their actions fall within one or more exceptions to the automatic stay contained in subsection 362(b), which provides in pertinent part:

The filing of a petition . . . does not operate as a stay --

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

9

(2) under subsection (a)--

    (A) of the commencement or continuation of a civil action or proceeding–

        (i) for the establishment of paternity;

        (ii) for the establishment or modification of an order for domestic support obligations;

        (iii) concerning child custody or visitation;

        (iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or

        (v) regarding domestic violence;

    (B) of the collection of a domestic support obligation from property that is not property of the estate;

    (C) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute . . . .

While pursuing an order of contempt, including seeking incarceration, may appear to fall within the exception for criminal proceedings under 11 U.S.C. § 362(b)(1), contempt proceedings may be civil or criminal. *See United States v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1399-1400 (6th Cir. 1991) (explaining distinction between civil contempt and criminal contempt). Based upon the

allegations in the complaint, the order of contempt appears to be civil in nature, in that the debtor may "purge himself of contempt by paying in full, the total arrearage for the spousal support and child support, within 30 days." Exhibit 3 of Complaint at ¶4. *See Bayshore Associates*, 934 F.2d at 1400.

Furthermore, while actions to establish or modify domestic support obligations are excepted from the automatic stay, actions to enforce or collect existing domestic support obligations are only excepted from the automatic stay if the collection is from property that is not property of the debtor's estate. *See* 11 U.S.C. § 362(b)(2)(B). Thus a creditor's use of civil contempt proceedings to collect unpaid prepetition domestic support obligations may well constitute a violation of the automatic stay. *See Caffey v. Russell (In re Caffey),* 384 B.R. 297, 306-07 (Bankr. S.D. Ala. 2008) (holding a former spouse violated automatic stay by pursuing contempt proceedings to compel debtor's payment of domestic support obligations without first seeking relief from automatic stay); *see also Tipton v. Adkins (In re Tipton)*, 257 B.R. 865, 874-75 (Bankr. E.D. Tenn. 2000); *In re Haas*, No. 04-11534, 2004 Bankr. LEXIS 2216 (Bankr. E.D. Va. Dec. 22, 2004).

In short, under the Rule 12(b)(6) standard, the debtor's complaint states a claim for money damages against Nunnari and Matthews under 11 U.S.C. § 362(k)

11

in Count One.

*Debtor Has Also Alleged a Claim for Declaratory Relief in Count One*

The debtor also seeks declaratory relief that actions to pursue an order to show cause against him in state court for unpaid child support and unpaid spousal support and related state court orders, allegedly done in violation of the automatic stay, be declared void *ab initio*.  Under Sixth Circuit case law, it appears that when a state court incorrectly decides that the automatic stay does not apply to the proceeding before it, that any action taken by the state court in violation of the automatic stay is void *ab initio*.  *See Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 374, 383-84 (6th Cir. 2001) (suggesting in *dicta* that if state court and bankruptcy court reached different conclusions as to applicability of automatic stay, bankruptcy court's resolution would control); *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 940 (6th Cir. 1986) (suggesting in *dicta* that if NLRB action was not excepted from the automatic stay, entire NLRB proceeding would be void *ab initio*); *see also Hamilton v. Herr (In re Hamilton)*, 540 F.3d 367, 376 (6th Cir. 2008) (state court judgment entered against debtor in violation of discharge injunction is void *ab initio* notwithstanding *Rooker-Feldman* doctrine).

Thus, even if the debtor fails to establish that the alleged violations of the automatic stay were willful, he may state a claim for declaratory relief.  On the

12

other hand, nothing prevents any of the defendants from seeking to annul the automatic stay for cause pursuant to 11 U.S.C. § 362(d). *See*, *e.g.*, *In re Myers*, 491 F.3d 120,127 (3d Cir. 2007) (actions in violation of the automatic stay, although void, may be reinvigorated through a retroactive annulment of the stay); *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 976-77 (1st Cir. 1997) (discussing heightened standard for granting retroactive relief from the automatic stay). Indeed, a debtor's failure to pay child support and spousal support obligations, which are nondischargeable debts under 11 U.S.C. § 523(a)(5) and receive a first priority under 11 U.S.C. § 507(a)(1), might well constitute cause for granting relief from stay, although cause for *annulling* the automatic stay is presumably a more difficult standard to meet. *See Soares*, 107 F.3d at 977 (discussing standard for annulling the automatic stay).

Accordingly, the motions of Nunnari and Matthews to dismiss Count One are denied.

### *COUNT TWO – DEBTOR'S CLAIMS AGAINST JUDGE MOON AND MAGISTRATE WINTERS*

In Count Two, the debtor seeks injunctive and/or declaratory relief against Judge Moon and Magistrate Winters, but no money damages. Specifically, the debtor seeks to have this Court (1) enjoin Judge Moon and Magistrate Winters from violating the automatic stay and (2) declare void *ab initio* the state court

orders allegedly issued in violation of the automatic stay. As explained below, the Court need not address many of the issues raised for and against the motions to dismiss Judge Moon and Magistrate Winters. Rather, the Court can resolve the motions to dismiss the judicial officers named in Count Two on two simple bases. First, the claim for injunctive relief is moot, since there is no indication that either Judge Moon or Magistrate Winters intends to take any further action which might even arguably constitute a violation of the automatic stay. Second, to the extent that it is proper for this Court to declare void *ab initio* the state court orders allegedly issued in violation of the automatic stay, there is no need for the judicial officers themselves to be named as defendants.

*The Claim for Injunctive Relief in Count Two Is Moot*

Article III of the United States Constitution limits federal judicial power to "cases" and "controversies." U.S. Const. Art. III, sec. 2. "As the Supreme Court has noted, 'past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001) *quoting City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). In the present case, it is undisputed that on May 12, 2008, one day before the plaintiff-debtor commenced this adversary proceeding, Judge Moon issued an

14

order staying all proceedings until the bankruptcy proceedings are terminated. Nor are there any allegations that Judge Moon or Magistrate Winters has any intention of taking further action in the debtor's state court proceedings until the debtor's bankruptcy case is terminated or this Court issues an order granting relief from stay. Moreover, unlike a motion to dismiss under Rule 12(b)(6), in determining subject matter jurisdiction, a trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133-35 (6th Cir. 1996). In short, the Court finds that any claim for injunctive relief against Judge Moon or Magistrate Winters regarding alleged future violations of the automatic stay is moot, and the debtor's claim for injunctive relief against Judge Moon and Magistrate Winters in Count Two is dismissed for lack subject matter jurisdiction.

*Judge Moon and Magistrate Winters Are Not Proper Defendants to the Debtor's Claim for Declaratory Relief That Various State Court Orders Allegedly Issued in Violation of the Automatic Stay Are Void* Ab Initio

To the extent that the debtor seeks declaratory relief that various state court orders allegedly issued in violation of the automatic stay are void *ab initio*, the Court holds that Judge Moon and Magistrate Winters are not proper defendants. Rather, as explained below, there is no reason why such a claim for declaratory relief cannot be litigated with just the parties to the state court proceedings, and not

15

the judicial officers themselves.

In *Hamilton*, 540 F.3d at 367-76, the Sixth Circuit addressed the issue of whether a state court judgment was void *ab initio* if the debt at issue was previously discharged pursuant to a bankruptcy court's discharge order. In *Hamilton*, the debtor received his discharge in bankruptcy and was later brought into a state court suit by the debtor's ex-wife in which the debtor, appearing *pro se*, failed to plead his discharge in bankruptcy as an affirmative defense. The state court held that the debtor could no longer assert his bankruptcy discharge as a defense and entered judgment against the debtor. The debtor then filed an adversary proceeding in the bankruptcy court against the debtor's ex-wife and her attorneys seeking declaratory and injunctive relief and money damages, including a declaration that the state court judgment was issued in violation of the discharge order and therefore void *ab initio*. The bankruptcy judge dismissed the debtor's complaint, and the debtor appealed. The district judge reversed, and the ex-wife appealed. On appeal, the Sixth Circuit held that "a state court judgment that modifies a discharge in bankruptcy is void ab initio and the *Rooker-Feldman* doctrine would not bar federal court jurisdiction over the Debtor's complaint." *Hamilton,* 540 F.3d at 376.

In *Hamilton*, none of the parties or federal courts found it necessary to

16

include the state court judge as a defendant to decide whether the state court judgment was issued in violation of the discharge order and therefore void *ab initio*. Similarly, this Court sees no reason to include the state court judicial officers as defendants when the parties to the state court proceedings are already defendants to the pending adversary proceeding. Just as there is no need to include a trial judge as a party to an appeal, this Court finds no reason to include state judges to a declaratory judgment action where the parties to the state court proceeding are already defendants in the present adversary proceeding and the same declaratory relief is sought in Count One. In holding that there is no need to include the state judicial officers as defendants to the debtor's claim for declaratory relief, the Court need not decide whether such judicial officers could otherwise intervene as defendants, as there is no indication that Judge Moon or Magistrate Winters seeks to remain a party to these proceedings voluntarily.

Accordingly, the claims for injunctive relief against Judge Moon and Magistrate Winters are dismissed as moot, and Judge Moon and Magistrate Winters are dismissed as defendants to the debtor's claims for declaratory relief under Rule 12(b)(6).

17

*COUNT THREE – DEBTOR'S CLAIMS FOR MONEY DAMAGES AND DECLARATORY RELIEF AGAINST NUNNARI, MCHUGH, AND MARINEMAX*

In Count Three, the debtor alleges that defendants McHugh, Nunnari, and MarineMax have violated the automatic stay by taking actions against a closely held corporation known as Moore Marine, Inc., in which the debtor and the debtor's father, John R. Moore III are the only two shareholders. Moore Marine, Inc., however, is a separate entity that is not in bankruptcy. The state court litigation against Moore Marine, Inc., is not an action against the debtor or property of the debtor's estate. *See Fowler v. Shadel*, 400 F.3d 1016, 1018-19 (7th Cir. 2005) (finding that corporate assets are "not property of the debtor and therefor cannot become property of...bankruptcy estate"); *Cadlerock Joint Venture II L.P. v. Robbins*, No. 3:08CV-365-S, 2009 Dist. LEXIS 5088, at *6 (W.D. Ky. January 21, 2009) ("A debtor's shares in a corporation become part of the bankruptcy estate; the assets of the corporation do not."). Therefore, the motions of defendants Nunnari and McHugh to dismiss Count Three pursuant to Fed. R. Civ. P. 12(b)(6) are granted. As MarineMax did not file a motion to dismiss, it remains a defendant in this adversary proceeding, at least for now.

## CONCLUSION

For the reasons stated above, the motions to dismiss Judge Moon (Docket #22), Magistrate Winters (Docket #43), and attorney McHugh

18

(Docket #13) are granted; the motion to dismiss defendant Nunnari (Docket #17) is granted as to Count Three and denied as to Count One; and the motion to dismiss attorney Matthews (Docket #20) is denied. Defendants Nunnari and Matthews shall file answers to the one remaining count of the adversary complaint that states a claim against them – Count One – on or before April 1, 2009.

    IT IS SO ORDERED.